JUDGE ROBERTSON
delivered the opinion op the court:
In this action of trespass for killing the appellant’s mare, the petition contains two counts — the first charging that the appellee, possessing a field not lawfully inclosed, set dogs on the mare which had happened to *81 enter, and that he so chased her as to cause her death— and the second only charging an ordinary trespass; and claiming under the first double damages, according to the provisions of section 3, chapter 50, article 1, of Revised Statutes, p. 49, in these words: “If any person, not having a lawful fence, shall, in any mode, hurt, lame, kill, or destroy any cattle which may have broken over or through said fence into his inclosure, he shall pay to, or satisfy the owner or manager of said stock, double damages.”
The appellee was not the owner of the field, but lived with the owner, and from facts proved, the jury might reasonably have inferred that he used and controlled it, and not only injured, but killed the mare by chasing her with his dogs.
Nevertheless, on a full general issue, the jury, under instructions, returned a verdict for the defendant; and, thereupon, the court, overruling a motion for a new trial, rendered judgment in bar of the action.
The instructions imported that the charge under the statute could not be sustained without proof that the appellee was the owner of the field and inclosure, and also that he was not liable to damages under either count if he only did what other prudent men might have done. This was wrong and misleading. Dogging the mare as the appellee did, without first trying more gentle means of expulsion, could not have been prudent or lawful, and, therefore, the instruction on that point was at least abstract and misleading. And the true interpretation of the statute does not, as erroneously indicated by the instructions, require that the appellee should have owned the field and its inclosure. Both its letter and spirit include any person in possession of them, or assuming the use or superintendence of them; and no such person had a right *82 to “ hurt in any■ mode.'1'’ In two essential particulars, therefore, the jury was misinstructed by the court.
Wherefore, the judgment is reversed, and the cause - remanded for a new trial.